# ZMO Law PLLC

February 9, 2023

***Via ECF***

Hon. John P. Cronan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

     RE: *Clarke on behalf of H.Q. v. NYS Office of Parks et al.*, 22 Civ. 9567 (JPC)

Dear Judge Cronan:

    This office represents Plaintiff Nicole Clarke and her daughter H.Q. in the above-captioned matter. The case was initially filed by Ms. Clarke on behalf of H.Q. who was a minor at the time. H.Q. has since reached the age of majority, and thus the complaint needs be amended to remove Ms. Clarke as a plaintiff. We write for permission to file the amended complaint anonymously,[1] with H.Q. continuing to be described on the public docket only as H.Q. to protect her privacy.

### *Facts*

    When H.Q. was sixteen years old, she was the victim of a drugging and sexual assault by defendants Oman Gutierrez, Diego Vasquez, Elvis Eusebio, and Luis Campos at her workplace. She and the four individual defendants worked as lifeguards at Roberto Clemente Park, which is owned and operated by the New York State Office of Parks Recreation & Historic Preservation. After the incident, she faced retaliation, with individuals at work referring to her as a snitch and calling her humiliating names like "pee pee girl" in reference to her inability to control her bladder while she was drugged.

    Since the incident, H.Q. has suffered extreme trauma, including nightmares, migraines, and severe anxiety. The stress of the incident also set off a series of physical ailments from which she is still recovering. Prior to this incident H.Q. was an honors student and a champion swimmer. She has been unable to swim after this incident and missed significant time in school. H.Q. is now a senior in high school and plans to enroll in college in the fall.

---

[1] The only defendant we have been able to serve thus far has been the NYS Office of Parks ("NYS Parks"). No attorney has appeared on behalf of NYS Parks, but the Attorney General's Office contacted Plaintiff on their behalf and advised us they are considering appearing for NYS Parks. Plaintiff is still attempting to serve the other four defendants, who are all current or prior NYS Parks employees. We intend to seek address information for them from NYS Parks once the entity enters an appearance.

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

On November 22, 2022, this office filed a complaint on behalf of H.Q.'s mother, Nicole Clarke, since H.Q. was a minor at the time. H.Q. turned eighteen since the filing of the initial complaint, requiring us to amend to remove Ms. Clarke.

*Argument*

**1. H.Q. should be allowed to proceed anonymously given her age and the "highly sensitive" nature of the allegations.**

In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit set out the standard for determining whether a civil plaintiff should be allowed to proceed under a pseudonym, stating, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." 537 F.3d 185, 189 (2d Cir. 2008) The court then directed judges to consider the following non-exhaustive list of factors:

> **(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the … party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.**

*Id.* at 190 (internal citations omitted).

2/9/23
Page 2

ZMO Law PLLC

A balancing of these factors favors allowing H.Q. to proceed anonymously. Age is one of the most commonly cited factors for whether to allow an individual to file anonymously, with younger plaintiffs often protected in this way. *See e.g. Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) [cited in *Sealed Plaintiff v. Sealed Defendant*]; *James v. Jacobson*, 6 F.2d 233, 238 (4th Cir. 1193) [cited in *Sealed Plaintiff v. Sealed Defendant*]. H.Q. was assaulted when she was a minor and has only just passed the threshold into legal adulthood.

Furthermore, the attempted sexual assault H.Q. suffered is of type of claim for which courts routinely consider to be "highly sensitive and [of a] personal nature" and thus rendering a pseudonym appropriate. *Sealed Plaintiff,* 537 F.3d at 190, citing *M.M. v.* Zavaras, 139 F.3d 798, 803 (10th Cir. 1998). As one court noted, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) *citing Doe v. Blue Cross & Blue Shield United Of Wisc.*, 112 F,3d 869, 872 (7th Cir. 1997). The balancing test in sexual assault cases further favors anonymous complaints because not only the Plaintiff, but "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.* at 195.

The events involve both attempted sexual assault of H.Q. when she was a minor, as well as H.Q.'s loss of bladder control at work due to being drugged. H.Q. has already suffered from retaliation in the form of mocking nicknames, but thus far has been able to keep the knowledge of these incidents separate from her friends at school. She plans to attend college in the fall and should be able to do so without fear that her name could become public, causing new friends, acquaintances, and fellow students to learn of the intensely personal trauma she suffered and its after-effects.

The prejudice to defendants here is hypothetical at best; there is no reason to believe they will in any way be prejudiced by H.Q. proceeding anonymously. There has been no publicity in this case—no newspapers have written about it, for example. H.Q., a young, traumatized woman, deserves to have the chance to hold those who harmed her accountable without risking her intimate trauma becoming available to anyone who knows her name. A balancing of relevant factors weighs heavily in favor of permitting H.Q. to proceed under a pseudonym.

ZMO Law PLLC

## Conclusion

For the reasons set forth above, Plaintiff's motion should be GRANTED and H.Q. should be allowed to file an amended complaint and otherwise litigate the case under the name H.Q. rather than her legal name.

Very truly yours,

ZMO Law PLLC

By: *Tess M. Cohen*

Tess M. Cohen

By February 27, 2023, Defendant New York State Office of Parks Recreation & Historical Preservation is ordered to advise the Court of whether it opposes Plaintiff's request to proceed under her initials rather than under her full name. Plaintiff is ordered to serve copies of this order via overnight courier on Defendant New York State Office of Parks Recreation & Historical Preservation and via e-mail on Amy Luo, Assistant Attorney General in the Office of the Attorney General of the State of New York, or if appropriate on a different Assistant Attorney General responsible for this case.

SO ORDERED
Date: February 13, 2023
New York, New York

JOHN P. CRONAN
United States District Judge