UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.Q.,<br><br>                    Plaintiff,<br><br>v.<br><br>NEW YORK STATE OFFICE OF PARKS RECREATION & HISTORIC PRESERVATION; OMAN GUTIERREZ, in his individual and official capacities; DIEGO VASQUEZ, in his individual and official capacities; ELVIS EUSEBIO, in his individual and official capacities; LUIS CAMPOS, in his individual and official capacities.<br><br>                    Defendants. | 22-cv-09567 (JPC) |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the Parties, and ordered by the Court, as follows:

1.      This Confidentiality Stipulation and Protective Order ("Stipulation and Order") shall apply to all information and materials that contain "Confidential Material," as defined herein, produced or disclosed during the course of the above-captioned action (the "Action"), by any party or non-party, including but not limited to information produced or disclosed:

   a.   In any pleading, document, affidavit, affirmation, declaration, interrogatory answer, response to a request for admission, brief, motion, transcript or any other writing;

   b.   In testimony given in a deposition, and any copies, or summaries of such testimony; or

   c.   Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2. The following documents and information produced or provided by the parties or nonparties during the course of this Action, including during the course of discovery, may be designated by either the producing or any other party with a bona fide interest in its confidentiality as "Confidential Material":

   a. Documents and information concerning the substance or contents of any and all personnel files of any party or non-party, including but not limited to personal, departmental, investigatory, disciplinary and administrative files and other personnel information prepared or maintained by the New York State Office of Parks Recreation & Historic Preservation ("Parks") or any of its current or former officers, employees, or agents;

   b. Documents and information concerning the health of Plaintiff, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed pursuant to any Authorization to Release Medical Records executed by Plaintiff in this Action;

   c. Documents and information concerning the private, personal and non-public information of parties and non-parties to the Action;

   d. Documents and information which all parties agree should be considered Confidential Material;

   e. Any other documents and/or information which a party believes in good faith to be Confidential Material; and

        f.       Testimony about the documents and information covered by Paragraph 2(a)-(e).

3.       The following categories of information shall be deemed Private Person Information ("PPI") and will be redacted in all produced materials:

        a.       Documents and information concerning the health of any Defendant or non-party, including but not limited to documents and information covered by ("HIPAA");

        b.       Identification numbers for any Individual Defendant or non-party, including but not limited to Social Security Numbers, Account Numbers, or names of Minor children; and

        c.       Personal location and contact information of Defendants, including but not limited to home addresses, cell phone numbers, home telephone numbers, or personal email addresses.

4.       Any Party producing confidential materials described in Paragraph 2 of this Stipulation and Order ("the Producing Party") may designate such materials as Confidential Material by marking the document with the word "Confidential." A Confidentiality designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except to the extent said designation requires, pursuant hereto, that such other Party treat said document and/or information as confidential for purposes of this Stipulation and Order. Each Party hereto reserves the right to make an application to the Court on notice challenging a designation of any document or information, in whole or in part, as confidential, but shall at all times treat said document or information as confidential unless and until the designating Party, or the Court, acknowledges or orders otherwise, respectively.

5. Any Party may designate as Confidential any deposition testimony that the Party believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by notice within 30 days from the receipt of the transcript, during which time the deposition transcript shall be treated as Confidential. Such notice may also be provided at any time thereafter, though if not designated within said initial thirty (30) days, said transcript need not be treated as confidential by a Party until such designation is actually received. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all Parties in possession of the deposition transcript shall mark the designated pages as Confidential Material on all copies of the transcript and treat those pages of the transcript in accordance herewith.

6. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material:

    a. shall be used solely for the purpose of, or in investigation of and preparation for, any proceedings, hearings, depositions, motions and trial in this Action or other proceedings directly related to the conduct of this Action, and not to be publicly disseminated and not for any other purpose, including any other actions or claims asserted by Plaintiff or any other person against any Defendant or any claims or actions asserted by any Defendant or any other person against Plaintiff; and

    b. may be disclosed only to:

(1) counsel representing the Parties, employees of counsel or counsel's offices, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of this Action;

(2) the individual Parties to this Action and officers or employees of any named Party who are either required by such Party or requested by counsel to assist in the prosecution or defense of the Action;

(3) the Parties' experts and consultants, as necessary for the conduct of this litigation, except that no disclosure may be made to any person unless and until said person has specifically acknowledged and agreed, in writing as set forth in Paragraph 7 of this Stipulation and Order;

(4) for purposes of investigation, preparation, deposition or trial in this Action only, any deponent, witness or potential deponent or potential witness who authored or otherwise had or should have had access to, familiarity with, or knowledge of the facts and circumstances to which the Confidential Material relates;

(5) court reporters, as necessary for the conduct of this litigation;

(6) the Court and personnel employed by the Court; and

      (7)  any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 7 of this Stipulation and Order.

  7.  Prior to the disclosure of any Confidential Material to a person identified in subparagraphs 6(b)(3), the Party proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulation and Order and consent to the Court's jurisdiction for the purpose of its terms in the form of the Non-Disclosure Agreement annexed hereto as **Exhibit A**.

  8.  Prior to the commencement of any hearing or trial of this Action, the parties agree to discuss the means, if any, to preserve the confidentiality of any Confidential Material which may be presented at any such hearing or trial. To the extent the parties agree on a means to preserve such confidentiality, they will execute a stipulation and proposed order in accordance with the terms of their agreement, which will be submitted to the Court for approval. Except as the parties may otherwise agree in writing, a party that intends to file Confidential Material shall, prior to such filing, apply to the Court for leave to file under seal or redact all such Confidential Material from the publicly-filed documents pursuant to the Court's rules and individual practices.

  9.  If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all reasonable steps to protect the material's confidentiality during such use and to continue said material's confidentiality treatment thereafter. Nothing contained herein shall be deemed to restrict the Court's handling of

Confidential Material, cause a Party to be in breach of this Stipulation and Order when acting in compliance with an order or direction of the Court, or preclude any good faith use of Confidential Material by any Party for any proper purpose herein.

10. The disclosure of Confidential Material or documents without the "Confidential" designation shall not be deemed a waiver of confidentiality by the Producing Party, either as to the specific information disclosed or as to any other information on the same or related subject matter. The disclosure of Confidential Material and/or documents may be corrected by providing supplemental written notice to the Receiving Party. Thereafter, the disclosed item or information shall be treated as Confidential.

11. This Stipulation and Order does not preclude a Party from raising or preserving objections to discovery and does not waive any Party's right to assert attorney-client, attorney work product or any other privilege as the Action proceeds.

12. This Stipulation and Order does not require, or bar, in and of itself, production of documents as to which objections or privileges apply.

13. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Material disclosed in this case is relevant or admissible.  Each party reserves the right to object to the disclosure, use or admissibility of Confidential Material.

14. All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 6. Nothing in this Stipulation and Order shall be construed to limit, modify or interfere in any manner with any party's disclosure obligations under applicable law, or any Producing Party's use of its own Confidential Material.

15. If any Party is served with a subpoena or other notice in another proceeding from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential, the Party so requested shall give written notice to the Party that has designated such material as Confidential (the "Designating Party") of such subpoena or other notice no later than ten (10) business days after receipt of the subpoena or other notice, except that notice shall be given sooner if necessary due to the date indicated in the subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if and as it may deem appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before notice and a reasonable opportunity (no less than ten (10) working days) to oppose such disclosure is given to the Designating Party.

16. Within thirty days of the final conclusion of this Action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the receiving Party to the producing Party, or, in lieu of return, destroyed (as by shredding), and in the event of destruction in lieu of return, all such documents (except those returned) shall be promptly certified as destroyed by the Receiving Party, in writing. However, counsel for the Parties may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained documents designated or otherwise deemed Confidential Material herein are kept confidential thereafter, in accordance herewith.

17. A party's production of documents or information that reflect privileged attorney-client communications, constitute attorney work product, were prepared in anticipation of

litigation, disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for the party, or are otherwise protected from disclosure ("Protected Information"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture — in this or any other federal or state action or proceeding — of any applicable privilege, immunity or other protection from disclosure, or of the producing party's right to assert such privilege, immunity or other protection from disclosure.

18. Upon being notified that a production containing Protected Information has occurred, the receiving party must promptly locate and either return or destroy all copies of the materials at issue. Unless and until those materials are adjudicated by this Court to be non-privileged, the receiving party cannot use them for any purpose.

19. Nothing contained in this Stipulation and Order is intended to or shall serve to limit a party's right to conduct a review of documents or information for relevance or responsiveness of Protected Information before production.

20. The Parties, and each of them, reserve the right to seek modification of this Stipulation and Order by application to the Court on notice for good cause shown.

21. Until such time as this Stipulation and Order has been entered by the Court, the Parties agree that, upon execution by the Parties, the Parties will treat this Stipulation as if it had been "So Ordered."

| | |
|---|---|
| Dated: New York, New York<br>       March 10, 2023<br><br>**ZMO Law PLLC**<br>*Attorneys for Plaintiff*<br><br><br>By:_____<br>     Tess Cohen, Esq.<br>353 Lexington Avenue, Suite 900<br>New York City, NY 10016<br>(212) 685-0999 | Dated: New York, New York<br>       March 10, 2023<br><br>**LETITIA JAMES**<br>Attorney General<br>State of New York<br>*Attorney for NYS Office of Parks,*<br>*Recreation & Historic Preservation*<br><br>By: ___Amy Luo_____<br>     Amy Luo<br>Assistant Attorney General<br>28 Liberty Street<br>New York, New York 10005<br>(212) 416-8538 |

Date: March 16, 2023
New York, New York

**SO ORDERED**:

Dated:

_____
Hon. John P. Cronan
United States District Judge

10