# ZMO Law PLLC

December 29, 2023

*Via ECF*

Hon. John P. Cronan
Southern District of New York
500 Pearl St.
New York, NY 10007

RE: *H.Q. v. N.Y.S. Office of Parks, Rec., & Hist. Preservation, et al.*, 22-cv-09567 (JPC)

Dear Judge Cronan:

This office represents Plaintiff H.Q. in the above-captioned matter. On December 26, 2023, Defendant New York State Office of Parks, Recreation, and Historic Preservation ("Parks") requested an order allowing it to depose Plaintiff for seven hours beyond the seven-hour limit set by Fed. R. Civ. P. 30(d). We write in opposition to Parks's motion, pursuant to the Court's Individual Rules and Practices.

## Background

Plaintiff alleges that four Parks employees drugged and sexually assaulted her at Roberto Clemente State Park on July 12, 2021, Plaintiff's first day as a lifeguard there. This action commenced on November 10, 2022. The complaint alleges that Parks is liable under Title VII of the Civil Rights Act of 1964 for creating a hostile work environment and under the New York City Human Rights Law for gender discrimination. ECF No. 22. The complaint also brings claims against the Parks employees who committed the assault, none of whom has appeared in this case.

The parties served document requests and interrogatories in May of 2023 and gave responses in July. On August 8, Parks requested in writing that Plaintiff supplement or clarify a number of her responses. ECF No. 61-1. On August 16, Plaintiff clarified  her responses where possible and explained that all non-privileged documents in her possession had been produced. ECF No. 61-2. Parks made no request for judicial relief concerning Plaintiff's responses.

On October 24, 2023, Parks deposed Plaintiff for approximately six hours. The parties agreed to resume the deposition on January 11, 2024 in order to allow questioning about the contents of Plaintiff's expert report, but could not agree on a time limit for questioning. Parks will depose Plaintiff's mother on January 18. Plaintiff deposed two Parks employees in November and will depose two others on January 25 and January 31, respectively. No other depositions of fact witnesses are anticipated.

## Plaintiff's Deposition

Prior to Plaintiff's deposition, the parties agreed that Parks would reserve some of its time for a second session. The purpose was to allow Parks to review the report of Plaintiff's expert psychologist, which had not yet been disclosed, so that Parks could question Plaintiff in greater

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO LAW PLLC

detail about her injuries.[1] Plaintiff did not consent to extending the total duration of questioning beyond the seven-hour limit set by Rule 30 and did not understand Parks to be making such a request.

On October 24, 2024, Plaintiff gave approximately six hours of in-person testimony. Topic areas included Plaintiff's personal history, the alleged sexual assault, and Parks training and working conditions—all issues germane to the litigation. ECF No. 61. Many of the questions, however, focused microscopically on details that were collateral, if not irrelevant, to the parties' claims and defenses. The examination thus proceeded more slowly than was necessary.[2]

For example, counsel questioned Plaintiff about her competitive swimming background, presumably to set a baseline for assessing damages. But the degree of detail was excessive. Plaintiff was asked how many times she placed first, second, or third over her many years in competition; how many trophies, medals, and ribbons she won; which swimming strokes she found most and least difficult; and which family members attended her competitions and how they "felt watching your swimming competitions." *See* ECF No. 62-1 (Plaintiff's Dep. Tr.), 48-68.[3] Counsel asked Plaintiff to identify personal friends from her middle school, high school, college, and swim teams; how often she speaks with those friends and by what means; and her favorite genre of fiction. *Id.* at 41-44, 57-60. Plaintiff was asked about her results in swimming competitions dating back to age seven. *Id.* at 39-40. Counsel lingered on these topics until we objected. *Id* at 42-43, 61-64. Plaintiff's answers were succinct and responsive.

After several hours, the pace of questioning suggested that counsel was contemplating a deposition longer than seven hours. We advised counsel, first off the record and then on, that we would object to extending the deposition beyond seven hours. *Id.* at 324-25. Following the deposition, the parties conferred pursuant to Rule 5(c) of the Court's Individual Rules and Practices as to the length of the deposition, but could not agree.

On December 26, 2023, Parks requested an order allowing it to extend the deposition by seven hours, for a total of 14 hours. ECF No. 61. Parks plans to spend the additional time on issues relating to damages, including Plaintiff's "complex medical history" and the contents of Plaintiff's expert report. *Id.* at 2. Parks argues that Plaintiff failed to adequately identify her injuries or specify her damages in paper discovery. *Id.*

### *Argument*

Depositions are limited to seven hours "[u]nless otherwise stipulated or ordered by the court[.]" Fed. R. Civ. P. 30(d)(1). Courts must allow additional time, consistent with Rule

---

[1] Plaintiff subsequently made her expert disclosure on December 11, 2023.

[2] We do not believe that any questions were asked in bad faith.

[3] The annexed transcript of Plaintiff's deposition contains limited redactions to Plaintiff's legal name, address, date of birth, and high school, consistent with Fed. R. Civ. P. 5.2 and the Court's order permitting Plaintiff to proceed under her initials. ECF No. 26.

ZMO Law PLLC

26(b)(1), only if "needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

A moving party "is expected to show good cause to justify such an order." *Williams v. Fire Sprinkler Assoc., Inc.*, 15-cv-3147(ADS)(AKT), 2017 WL 1156012, at *2 (E.D.N.Y. Mar. 27, 2017). The inquiry is "fact-specific." *Id.* Courts consider whether the examination concerns a large number of documents, whether the elapsed time "was used inefficiently," "whether there are additional relevant areas of inquiry," and whether the witness's lawyer obstructed the questioning. *Margel v. E. G.L. Gem Lab Ltd.*, 04-cv-1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008).

Parks cannot show good cause to extend Plaintiff's deposition by any amount of time, let alone by seven hours. Parks would have significantly more time remaining from its presumptive seven-hour allotment had it not fixated on the superfluous details described above. *Margel*, 2008 WL 2224288, at *7 (denying additional time where "[c]ounsel elicited an unnecessary amount of detail and could have conducted his examination far more efficiently."). Plaintiff's counsel did not make speaking objections or obstruct the deposition.

Contrary to Parks's contention, this is not a complex case. The complaint alleges a single instance of sexual assault followed by retaliation. *Carmody v. Vill. of Rockville Ctr.,* 05-cv-4907(SJF)(ETB), 2007 WL 2177064, at *4 (E.D.N.Y. July 27, 2007) (denying in part a requested extension of time and noting that Title VII actions are among "the most common actions filed in this court."). Plaintiff's medical history is no more complicated than many other plaintiffs who bring similar Title VII claims—claims that the Attorney General's Office routinely litigates. Plaintiff agreed to Parks reserving time for a second session so that Parks could review Plaintiff's expert report before questioning her on injuries and damages. But the second session was not intended to compensate for inefficient questioning on other topics during the first session. In addition to the hour remaining of Plaintiff's deposition, Parks can explore damages in upcoming depositions of Plaintiff's mother and Plaintiff's expert, who produced a thorough, 37-page forensic report explaining Plaintiff's symptomology.

Finally, seven more hours of questioning would be a serious hardship. Plaintiff is a 19-year-old college student who was 16 at the time she was drugged and sexually assaulted in 2021. The first six hours of questioning were exhausting and required her to relive the most traumatic events of her life. She should endure no more examination than is necessary.

### Conclusion

For the reasons set forth above, Parks's motion should be denied.

Very truly yours,

ZMO Law PLLC

By: *Benjamin Notterman*

Benjamin Notterman

CC:  Melissa Ysaguirre, Esq. (via ECF and email)

Defendant New York State Office of Parks, Recreation, and Historic Preservation's letter motion, Dkt. 61, is granted in part.  Pursuant to Federal Rule of Civil Procedure 26(b)(2)(A), the Court extends the time for Plaintiff's deposition by three hours, in addition to the standard seven hours allotted under Rule 30(d)(1), for a total of ten hours.  The Court extends the time to allow for a fair examination of Plaintiff on the remaining topics identified by Defendant in its letter motion.  *See* Dkt. 61 at 2.

SO ORDERED
Date: January 2, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

12/29/23
Page 4